IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES KIGER,

    Petitioner,

v.                                             Civil Action No. 5:13CV12
                                                        (STAMP)

TIMOTHY STEWART, Warden,
F.C.I. Morgantown,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Initially, the petitioner in the above-styled civil action filed a motion for preliminary injunctive relief against discrimination and retaliation in his closed Bivens action, which he had initiated on September 7, 2011.[1] United States Magistrate Judge John S. Kaull entered an order directing that the motion for preliminary injunctive relief be used to open a new case. The motion was then filed in this case and the Clerk sent the petitioner the forms to file a petition for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner then filed his § 2241 petition, attaching his original motion for preliminary injunctive relief. The petitioner also filed an application to appeal in

---

[1] This case was filed under Civil Action No. 2:11CV70. In this case, the petitioner alleged violations of his Eighth Amendment rights. This complaint was dismissed with prejudice, and the Fourth Circuit thereafter dismissed the petitioner appeal and then denied his petition for rehearing.

forma pauperis, which seems to be an attempt to file an interlocutory appeal from the magistrate judge's order directing that a new case be opened.

In his petition, the petitioner alleges that 18 U.S.C. § 3624(c) limits a prisoner's transfer to a non-prison site to a period of "not to exceed 6 months of the last (10) percentum [sic] of the term to be served." He alleges that this restriction violates the Americans with Disabilities Act ("ADA") and violates the Eighth Amendment's prohibition against cruel and unusual punishment. The petitioner complains of various incidents, which he alleges amount to discrimination and he claims that he is being retaliated against for filing his original Bivens case, as his home detention time was reduced from 180 to 91 days. The petitioner indicated in his petition that he had not utilized the prison's internal grievance procedure with respect to his claim under § 2241.

In the petitioner's motion for injunctive relief, the petitioner makes the same allegations which he included in his § 2241 petition. Specifically, he states that the Bureau of Prisons ("BOP") is denying him halfway house time and has reduced his home detention to 91 days, while other inmates are receiving six months in a halfway house and/or home detention. The petitioner argues that the BOP's treatment violates the ADA. As relief, the petitioner requests an order directing the staff at

F.C.I. Morgantown to reevaluate the time given to him for halfway house and home detention and asks for the maximum time available so that he can re-acclimate himself to society.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to Magistrate Judge Kaull for initial review and report and recommendation. After reviewing the petitioner's filings, Magistrate Judge Kaull issued a report and recommendation, recommending that petitioner's § 2241 petition be dismissed without prejudice, his motion for injunctive relief be denied and dismissed with prejudice, and his motion to appeal <u>in forma pauperis</u> be denied. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report. Neither party filed objections. The petitioner, however, filed a motion to amend his complaint on the same day that the report and recommendation was filed. In this motion, the petitioner merely requests the Court's permission to amend his complaint, but does not state his purpose for amending or provide any information regarding what amendments he seeks to make.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, as

there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

A. Motion for injunctive relief

In order to obtain a preliminary injunction, the petitioner must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

This Court agrees and finds no clear error in the magistrate judge's finding that the petitioner cannot establish the first factor, which is that he is likely to succeed on the merits. The petitioner bases his underlying claim on the ADA. He is making such claim against F.C.I. Morgantown, a federal correctional facility, and its staff. As the magistrate judge indicated, the United States is generally immune from suit, unless there is an explicit waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980). Sovereign immunity extends to not only the government itself, but government agencies and employees.

Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The existence of the waiver is a prerequisite jurisdiction. Id. The ADA does not contain such a waiver of sovereign immunity. See 42 U.S.C. § 12101 et seq.; see also County of St. Louis v. Thomas, 967 F. Supp. 370, 376 (D. Minn. 1997). Therefore, it is not only unlikely that the petitioner will succeed on the merits of his claims, but such success is impossible due to sovereign immunity.

B. Section 2241 petition

Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Indeed, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006) (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).

In this case, the petitioner acknowledges that he failed to exhaust all of his administrative remedies prior to filing his § 2241 petition. As the magistrate judge explained, requiring the petitioner to attempt resolution of his claim within the Bureau of

5

Prison's administrative remedy process would be promoting many of the policies which underlie the exhaustion principle. See Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (listing seven policies favoring exhaustion). For instance, the process could develop the necessary factual background of the claim, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the adminstrative process. Thus, this Court finds no clear error in the magistrate judge's determination that the petitioner's § 2241 petition must be dismissed without prejudice for failure to exhaust administrative remedies.

C. Motion to appeal

As stated above, the petitioner filed a motion to appeal in forma pauperis. As the magistrate judge indicates, the petitioner seems to be attempting to file an interlocutory appeal of the magistrate judge's order directing that a new case be opened after the petitioner's filing of his motion for a preliminary injunction. In order for a court to grant an interlocutory appeal, this Court must certify that the order sought to be appealed "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d

907, 908 (E.D. Va. 2005). As this Court stated above, regardless of what case the preliminary injunction was filed in, this Court could not grant such motion as it is impossible for the underlying claim to succeed. Thus, the certification of an appeal regarding what case the motion should be filed under would actually hinder the ultimate termination of this litigation. Therefore, this Court finds no clear error in the magistrate judge's denial of the petitioner's motion to appeal.

D. Motion to amend

As the magistrate judge was unable to address the motion to amend in his report and recommendation because it was filed on the same day the report and recommendation was filed, this Court will review the petitioner's motion <u>de novo</u>. Pursuant to 28 U.S.C. § 2242, the petition can be amended as provided by the Federal Rules of Civil Procedure. Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Ward Elec. Serv. v. First Commercial Bank</u>, 819 F.2d 496, 497 (4th Cir. 1987); <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984).

This Court finds that any amendment to the petition would be futile. As stated above, the petitioner indicated that he had failed to exhaust his administrative remedies concerning his claims in his § 2241 petition. This Court found that requiring the petitioner to attempt resolution of his claim within the Bureau of Prison's administrative remedy process would be promoting many of the policies which underlie the exhaustion principle and therefore it must dismiss the petition for failure to exhaust. Other than the prisoner completing this exhaustion process, which he did not allege that he had, there is nothing that would alter this Court's findings. Therefore, this Court denies the petitioner's motion to amend.

IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Furthermore, for the reasons stated above, the petitioner's motion to amend is DENIED. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE, the petitioner's motion for a temporary restraining order and preliminary injunction is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's motion to appeal

8

in forma pauperis is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    August 12, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE